UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br>  v.<br><br>MERRICK GARLAND, et al.,<br><br>   Defendants. | Case No. 3:22-cv-03759-JD<br><br>**ORDER RE PETITION FOR HABEAS CORPUS** |

  Habeas petitioner John Doe has been detained at the Golden State Annex detention facility in McFarland, California, since July 12, 2021, pending removal proceedings.[1] Dkt. No. 1 ¶ 10; Dkt. No. 15-1 ¶ 10 (Garibay declaration). Doe seeks an individualized bond hearing before an immigration judge, which he has not been afforded during his detention. He alleges that his detention without a hearing violates his right to due process under the Fifth Amendment to the United States Constitution. Dkt. No. 1. The federal respondents filed a return to Doe's petition on behalf of the Attorney General, Secretary of Homeland Security, and Acting Field Director of the San Francisco Immigration and Customs Enforcement (ICE) Field Office. Dkt. No. 15. Doe filed a traverse. Dkt. No. 18. Neither side has requested a hearing on the merits of Doe's petition, and the Court determines that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). The parties' familiarity with the record is assumed, and Doe's petition is granted.

---

[1] Doe's request to proceed under pseudonym, Dkt. No. 12, is granted. Doe has demonstrated that maintaining his anonymity is necessary to protect him from physical harm. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070 (9th Cir. 2000) ("[T]his court and others have concealed parties' identities in order to protect them from retaliation by third parties and also to protect nonparties from reprisals.").

The parties do not dispute that Doe is subject to mandatory detention under 8 U.S.C. § 1226(c). Dkt. No. 15 at 29, 36; Dkt. No. 18 at 16, 18. "Section 1226(c) mandates detention during removal proceedings for a limited class of deportable aliens -- including those convicted of an aggravated felony." *Demore v. Kim*, 538 U.S. 510, 517-18 (2003); *see also Jennings v. Rodriguez*, 138 S. Ct. 830, 837-38 (2018). It is true, as the government notes, *see* Dkt. No. 15 at 30, that Section 1226(c)'s mandatory-detention provision has been upheld as facially constitutional, *see Demore*, 538 U.S. at 531. But in holding that "[d]etention during removal proceedings is a constitutionally permissible part of that process," *id.*, the Supreme Court operated on the understanding that "not only does [Section 1226(c)] detention have a definite termination point, in the majority of cases it lasts for less than the 90 days we considered presumptively valid in *Zadvydas* [*v. Davis*, 533 U.S. 678 (2001)]," *id.* at 529. It was not presented with an as-applied challenge to a detention of the exceptional duration here. *See id.* at 530 (noting that the habeas petitioner had spent six months in custody).

"[D]istrict courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under [Section] 1226(c)." *Martinez v. Clark*, 36 F.4th 1219, 1223 (9th Cir. 2022). Although the exercise of this discretion is, strictly speaking, something of an open question, *see id.*, it is abundantly clear that an unreasonably prolonged civil detention, without an opportunity to be heard, "would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring) ("Were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons."); *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").

Even if some of Doe's detention may be attributable to his requests for continuances before the immigration court, as the government suggests, *see* Dkt. No. 15 at 32-33, the portion is tiny

2

and the fact remains that he has been detained for eighteen months without a bond hearing. The government has not said why a delay of this magnitude is reasonable under the circumstances, and did not proffer evidence that "there is [a] reasonably certain end to his custody in sight." *Masood v. Barr*, No. 19-cv-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020). There is no question that Doe's detention qualifies as "prolonged," and that his private interest in "freedom from prolonged detention is unquestionably substantial." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022) (internal quotations and citation omitted); *see also Masood*, 2020 WL 95633 at *5 (alien detainee's interest in conditional release from detention became "profound" once it exceeded six months and removal was not imminent). While the government has an interest in "ensuring that lawfully issued removal orders are promptly executed," Dkt. No. 15 at 36, that interest is now outweighed by the deprivation of liberty that Doe has suffered.

The government is ordered to release Doe from custody or, within 31 days of the date of this order, provide him with an individualized bond hearing before an immigration judge, where the government will bear the burden to show that Doe's continued detention is justified by clear and convincing evidence. *See Masood*, 2020 WL 95633, at *5 (clear and convincing evidence standard); *see also Martinez*, 36 F.4th at 1231. If the immigration judge's decision is not issued within 14 days of the bond hearing, Doe must be released from detention.

**IT IS SO ORDERED.**

Dated: January 10, 2023

JAMES DONATO
United States District Judge